IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SAMMIE A. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. 2:07CV390-ID |
| JIMMY LUNGSFORD, *et al.*, | ) | [WO] |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Currently pending before the undersigned Magistrate Judge are two motions to dismiss filed by Defendant City of Troy Police Department (Doc. #6) and jointly by Defendants Jimmy Lungsford, Anthony Everage, and Lewis Fannin (Doc. #7). For the reasons that follow, the undersigned Magistrate Judge RECOMMENDS that Defendants' motions (Doc. #6, #7) are GRANTED.

**I.   BACKGROUND**

Plaintiff Sammie Smith (Smith or Plaintiff), *pro se*, commenced this action on May 4, 2007, naming Jimmie Lungsford (Lungsford), Mayor of the City of Troy, Anthony Everage (Everage), Chief of Troy Police Department, and Lewis Fannin (Fannin), Detective of the Troy Police Department. Compl. (Doc. #1). Plaintiff's Complaint, alleges that "on or about August 17, 2001, Defendant Lewis Fannin, Defendant Everage and Defendant Lungsford called Plaintiff's place of employment. Plaintiff met with "Defendant," without specifying which one, at Police Department.

While at the Police Department, Plaintiff alleges Defendant Fannin threatened, intimidated, and verbal abused Plaintiff.  Compl. (Doc. #1).  Smith claims Fannin informed Plaintiff that " he was [not] to write, file legal action or seek information concerning property that had been destroyed by and taken by the City of Troy."  Compl. (Doc. #1).  Plaintiff also alleges Fannin indicated that he was forbidden to come to the Troy City Hall to question anything the mayor did.  Id.  If he did, Plaintiff claims, Fannin indicated Smith would be arrested.  Compl. (Doc. #1).  Smith claims that Defendants have violated his constitutional rights of freedom of speech, freedom of assembly, right to petition, and equal protection.  Id.  Smith does not assert any of these particular claims against any one Defendant, but instead, generally alleges all claims against all Defendants.  Compl. (Doc. #1).

On May 18, 2007, Defendant City of Troy Police Department filed a motion to dismiss (Doc. #6) for failure to state a claim upon which relief may be granted, timeliness of the suit, and failure to name a party capable of suit.  That same day, Defendants Lungsford, Everage, and Fannin also filed a joint motion to dismiss (Doc. #7) for failure to state a claim upon which relief may be granted and timeliness of the suit.  Despite this Court's order (Doc. #11), Smith has not filed a response to the motions.  Thus, the Court's analysis is limited to Defendants' arguments in support of dismissal.

In Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004), the Eleventh Circuit reiterated the standard of review on a motion to dismiss under Rule

12(b)(6) for failure to state a claim:

> We review *de novo* a district court's dismissal under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam); see also Jackson v. Birmingham Bd. of Educ., 309 F.3d 1333, 1335 (11th Cir. 2002) (citing Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)) ("On a motion to dismiss, the facts stated in appellant's complaint and all reasonable inferences therefrom are taken as true.").  A motion to dismiss is granted only "when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Jackson, 309 F.3d at 1335 (quoting Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957))).
>
> Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading standard does exist." Wagner v. Daewoo Heavy Indus. Am. Corp., 289 F.3d 1268, 1270 (11th Cir.), rev'd on other grounds, 314 F.3d 541 (11th Cir. 2002) (en banc).  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (internal quotation marks and citation omitted); see also Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true...."); Robinson v. Jewish Ctr. Towers, Inc., 993 F. Supp. 1475, 1476 (M.D. Fla. 1998) ("[T]he court will not accept, without more, conclusory allegations or legal conclusions masquerading as factual conclusions."); Cummings v. Palm Beach County, 642 F.Supp. 248, 249-50 (S.D. Fla. 1986) (finding vague and conclusory complaint failed to state a *factual* basis for claims of race and age discrimination required to give defendant notice necessary to prepare defense).  To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims.

Jackson v. BellSouth Telecomms., 372 F.3d at 1262-63.  Although *"[p]ro se* pleadings

are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Trawinski v. United Techns., 313 F.3d 1295, 1297 (11th Cir. 2002) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam)), there is heightened pleading requirement when a plaintiff brings a § 1983 complaint against state officials acting in their individual capacities. Washington v. Bauer, 149 Fed. Appx. 867, 870 (11th Cir. 2005) (citing Laurie v. Al. Court of Criminal Appeals, 256 F.3d 1266, 1275-76 (11th Cir. 2001)). Before reaching Defendants' failure to state a claim arguments, the Court will first address Defendants' statute of limitations argument.

## II.   DISCUSSION

### A.   Statute of Limitations

Defendants Mayor Lungsford, Chief Everage, and Detective Fannin argue that as Plaintiff's claims arise under 42 U.S.C. § 1983 (2000), those claims are time barred by the expiration of the two-year statute of limitations.[1] Lungsford's, Everage's, and Fannin's Br. in Supp. M. Dismiss (Doc. #9) at 2-3. The Court agrees.

The length of the limitations period governing Smith's constitutional claims as enforced under § 1983 is dictated by state law. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); see Dumas v. Town of Mt. Vernon, Ala., 612 F.2d 974, 977 (5th Cir.

---

[1]The undersigned notes that although the City of Troy Police Department raised the issue of statute of limitations in its motion to dismiss, it did not brief the issue. Compare City of Troy's M. to Dismiss (Doc. #6) with City of Troy's Br. in Supp. M. Dismiss (Doc. #8).

1980); Ingram v. Steven Robert Corp., 547 F.2d 1260, 1262-63 (5th Cir. 1977); Trawinski v. United Technologies, 313 F.3d 1295, 1298-99 (11th Cir. 2002). Accordingly, Alabama's two-year general statute of limitations for personal injury actions applies to Plaintiff's § 1983 claims. Portera v. State of Ala. Dep't of Finance, 322 F. Supp. 2d 1285, 1293-94 (M. D. Ala. 2004) (citing Lufkin v. McCallum, 956 F.2d 1104 (11th Cir. 1992)). The question of when the limitations period begins to run (that is, when the cause of action has accrued), is one of federal law. Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). The general federal rule is that a cause of action "will not accrue, and thereby set the limitations clock running, until the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." Chappell, 340 F.3d at 1283 (citing Mullinax v. McElhenny, 817 F.2d 711, 716 (11th Cir. 1987)).

In analyzing this issue, a court must first identify the alleged injuries, and then determine when the plaintiff could have sued for them. Rozar, 85 F.3d at 562. Plaintiff filed this action on May 4, 2007, almost six years after Smith's meeting with Defendant Fannin, where the alleged threats and verbal abuse took place. The facts and circumstances giving rise to the § 1983 claims, however, were within the knowledge of Plaintiff from the meeting date, on or about August 17, 2001. The undersigned finds Plaintiff filed this suit beyond the applicable two-year statute of limitations. Therefore, the undersigned recommends that this action is due to be dismissed.

**B.     Claims against Mayor Lungsford, Chief Everage, and Detective Fannin**

Though not argued by Defendants, the Court *sua sponte* examines whether Smith's claims against Mayor Lungsford, Chief Everage, and Detective Fannin are due to be dismissed under the theory of *respondeat superior*.  As Smith has sued Mayor Lungsford, Chief Everage, and Detective Fannin in their official capacities, he has essentially sued the City of Troy.  Shows v. Morgan, 40 F. Supp. 2d 1345, 1361 (M. D. Ala. 1999) (citing Kentucky v. Graham, 473 U.S. 159, 166) (1985) (Official-capacity lawsuits are, "in all respects other than name, . . . treated as a suit against the entity."); see also Pompey v. Broward County, 95 F.3d 1543, 1545-46 n. 2 (11th Cir. 1996).  The Court finds that Smith has failed to state a claim upon which relief can be granted.

There is no *respondeat superior* liability under § 1983.  Griffin v. City of Opa-Locka, 261 F.3d 1295, 1307 (11th Cir. 2001).  It is well-settled that to sue a municipality under § 1983, "the plaintiff has the burden to show that a deprivation of constitutional rights occurred as a result of an official government policy or custom." Cooper v. Dillon, 403 F.3d 1208, 1221 (11th Cir. 2005); see also Monell v. Dep't of Social Servs., 436 U.S. 658, 690-91 (1978) (holding that a § 1983 action against a governmental body may be brought where the alleged unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or those "visited pursuant to governmental custom").[2]

---

[2] A "threshold identification of a custom or policy" should initially be made to ensure that a municipality is "held liable only for those deprivations resulting from the decisions of its duly

A local government body is liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U.S. at 694. "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. A custom is a practice that is so settled and permanent that it takes on the force of law." Cooper, 403 F.3d at 1221 (quotation and citations omitted). "There are three ways to show a governmental policy or custom: (1) an express policy; (2) a widespread practice that is so permanent and well-settled as to constitute a custom; or (3) the act or decision of a municipal official with final policy-making authority." Hyath v. City of Decatur, 2006 U.S. Dist. LEXIS 21184, at *29-30 (N. D. Ga. Mar. 28, 2006).

"[M]unicipal liability under § 1983 attaches where-and only where-a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986); see also Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994) ("Only those municipal officers who have final policymaking authority may by their actions subject the government to § 1983 liability."). "State and local positive law determine whether a

---

constituted legislative body or those officials whose acts may fairly be said to be those of the municipality." McDowell v. Brown, 392 F.3d 1283, 1290 (11th Cir. 2004).

particular official has final policymaker authority for § 1983 purposes." Cooper, 403 F.3d at 1221.

The discussion of these principles in Church v. City of Huntsville, 30 F.3d 1332, 1343 (11th Cir. 1994), is helpful. In Church, the Eleventh Circuit explained: "[M]unicipal liability may be based upon (1) an action taken or policy made by an official responsible for making final policy in that area of the city's business; or (2) a practice or custom that is so pervasive, as to be the functional equivalent of a policy adopted by the final policymaker." Church, 30 F.3d at 1343. To establish the existence of a practice or custom under the second prong, "it is generally necessary to show a persistent and wide-spread practice." Id. at 1345. Section 1983 only "imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights." Monell, 436 U.S. at 692. Put differently, the governmental policy or custom must be the moving force behind the constitutional deprivation. Farred v. Hicks, 915 F.2d 1530, 1532-33 (11th Cir. 1990).

Smith has failed to identify a government policy or custom which was a moving force behind the alleged constitutional deprivations. Consequently, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's claims against Mayor Lungsford, Chief Everage, and Detective Fannin are due to be dismissed.

**C.**     **City of Troy Police Department**

Defendant City of Troy Police Department argues that Smith's claims are due to be

dismissed because the department is not an entity capable of being sued. City of Troy Police Department's Br. in Supp. M. Dismiss (Doc. #8) at 2-3. The Court agrees.

To bring a viable § 1983 claim against a defendant, the defendant sued must be an entity that is subject to being sued. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held." Fed. R. Civ. P. 17(b); see Dean, 951 F.2d at 1214.

Under Alabama law, "[s]heriff's departments and police departments are not usually considered legal entities subject to suit." Dean, 951 F.2d at 1214. In Alabama, a sheriff's department does not have the capacity to be sued. *Id.* at 1215. Additionally, a city's police department in Alabama is not a entity or a proper party under state law or for § 1983 purposes. Hawkins v. City of Greenville, 101 F. Supp. 2d 1356, 1363 (M. D. Ala. 2000); accord Eddy v. Miami, 715 F. Supp. 1553, 1556 (S. D. Fla. 1989) ("Where a police department is as an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit."); Reese v. Chicago Police Dep't., 602 F. Supp. 441, 443 (N. D. Ill. 1984) (finding a police department does not have a legal existence separate from the city and, therefore, is not a suable entity). In short, the law clearly establishes that the City of Troy Police Department is not an entity or a proper party subject to suit. The undersigned concludes that the claims against the City of Troy Police Department are due to be dismissed.

### III.   CONCLUSION

Accordingly, for the reasons discussed above, it is the RECOMMENDATION of the Magistrate Judge that Defendants' motions (Doc. #6, #7) to dismiss are GRANTED. The undersigned further RECOMMENDS that Final Judgment be entered against the named Plaintiff – Sammie Smith– and in favor of the named Defendants:  Jimmy Lungsford, Anthony Everage, Lewis Fannin, and the City of Troy Police Department.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before June 20, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982).  See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982).  See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close

of business on September 30, 1981.

DONE this 7th day of June, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE